UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF WISCONSIN

NORTH CENTRAL STATES REGIONAL COUNCIL
OF CARPENTERS PENSION FUND, NORTH
CENTRAL STATES REGIONAL COUNCIL OF
CARPENTERS HEALTH FUND, NORTH CENTRAL
STATES REGIONAL COUNCIL OF CARPENTERS
VACATION FUND, NORTH CENTRAL STATES
REGIONAL COUNCIL OF CARPENTERS
APPRENTICESHIP & JOURNEYMAN TRAINING
FUND, LABOR MANAGEMENT COOPERATION
TRUST FUND, NORTH CENTRAL STATES
REGIONAL COUNCIL OF CARPENTERS
INTERNATIONAL TRAINING FUND, NORTH
CENTRAL STATES REGIONAL COUNCIL OF
CARPENTERS DEFINED CONTRIBUTION
PENSION FUND, and BRIAN GENTRY (in his
capacity as Trustee),

CONTRACT ADMINISTRATION FUND,

NORTH CENTRAL STATES REGIONAL COUNCIL
OF CARPENTERS,

    Plaintiffs,

  v.          Case No.   11-cv-733

ELAND DRYWALL SERVICE, INC. and
DARRELL J. ELAND,

    Defendants.

## AMENDED ORDER FOR JUDGMENT
## AS TO DEFENDANT DARRELL J. ELAND

   Request and application for default judgment brought by North Central States

Regional Council of Carpenters Vacation Fund and North Central States Regional

Council of Carpenters against Defendant Darrell J. Eland in the above-captioned action were submitted to the Court and filed with the clerk.

The Court, having duly heard all issues and a decision having been duly rendered, orders as follows:

1.    Defendant Darrell J. Eland has failed to plead or otherwise defend as provided by Rule 55(a) of the Fed. R. Civ. P.

2.    Darrell J. Eland violated the Labor-Management Relations Act of 1947, as amended, as well as the Employee Retirement Income Security Act of 1974, as amended, and the effective collective bargaining agreements by failing to pay fringe benefit contributions on behalf of its employees to the Plaintiff North Central States Regional Council of Carpenters Vacation Fund ("Vacation Fund").

3.    As a result of Defendant's failure to pay fringe benefit contributions to the Vacation Fund, Plaintiffs are entitled to damages consisting of contributions, attorney fees, and costs.

4.    Darrell J. Eland also violated the Labor-Management Relations Act of 1947, as amended, as well as *Wis. Stats.* §§ 895.446 and 943.20, by failing to pay working dues to the Plaintiff North Central States Regional Council of Carpenters (hereinafter "Union"); said dues having been deducted from Eland Drywall Service, Inc.'s employees' paychecks.

5.    By his intentional conduct, by virtue of his position as a shareholder, corporate officer, and/or director of Eland Drywall Service, Inc., Darrell J. Eland has retained possession of working dues without the Union's consent.

-2-

6.     Darrell J. Eland has intentionally retained working dues with the intent to convert said monies for his own use or for the use of Eland Drywall Service, Inc.

7.     By virtue of his intentional conduct, Darrell J. Eland has violated *Wis. Stats.* §§ 895.446 and 943.20, and the Union is entitled to treble damages and its costs of litigation and investigation pursuant to *Wis. Stats.* § 895.446(3)(b), (c).

8.     The Court assesses the total damages, including treble damages and costs, to the Plaintiffs, North Central States Regional Council of Carpenters Vacation Fund and North Central States Regional Council of Carpenters, and against Defendant Darrell J. Eland in the sum of $22,302.11, $8,756.63 of which is assessed jointly and severally with Defendant Eland Drywall Service, Inc.

IT IS HEREBY ORDERED that the Clerk of Court is directed to enter judgment in favor of Plaintiffs, North Central States Regional Council of Carpenters Vacation Fund and North Central States Regional Council of Carpenters, and against Defendant Darrell J. Eland in the amount of $22,302.11 together with interest at the rate allowed by law. Of this judgment, $8,756.63 is due jointly and severally with default judgment against Defendant Eland Drywall Service, Inc.

Dated this _9th_ day of January, 2012.

BY THE COURT

U. S. District Court Judge

-3-